# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 6, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| JEFFREY E. OLSON, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 20-142V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Damages Decision; Proffer; |
| AND HUMAN SERVICES, | * | Shoulder Injury Related to Vaccine |
| | * | Administration ("SIRVA"). |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Jerome A. Konkel,* Samster, Konel and Safran, Wauwatosa, WI, for petitioner.
*Claudia B. Ganges,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON DAMAGES[1]

On February 10, 2020, Jeffrey E. Olson ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of receiving a tetanus vaccination in his left arm on July 1, 2019. Petition (ECF No. 1). On March 4, 2022, the undersigned issued a Ruling on Entitlement, finding that petitioner was entitled to compensation. Ruling on Entitlement (ECF No. 50).

On May 6, 2022, respondent filed a Proffer of Award of Compensation, which indicates petitioner's agreement to compensation on the terms set forth therein. Proffer (ECF No. 57). The proffer is attached hereto as Appendix A.

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the Court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Consistent with the terms state in the attached Proffer, I hereby award the following compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a):

1) **A lump sum payment of $55,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a), in the form of a check payable to petitioner.**

The Clerk of the Court is directed to **ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JEFFREY E. OLSON,<br><br>              Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | No. 20-142V<br>Special Master Gowen<br>ECF |

### PROFFER ON AWARD OF COMPENSATION

On February 16, 2022, Respondent filed an Amended Rule 4(c) report stating that he does not contest that petitioner is entitled to compensation in this case. ECF No. 49. On March 4, 2022, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation. ECF No. 50.

**I.**  **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $55,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees.

**II.**  **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $55,000.00, in the form of a check payable to petitioner. Petitioner agrees.

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        HEATHER L. PEARLMAN
        Deputy Director
        Torts Branch, Civil Division

        DARRYL R. WISHARD
        Assistant Director
        Torts Branch, Civil Division

        /s/ Claudia B. Gangi
        CLAUDIA B. GANGI
        Senior Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel.: (202) 616-4138
        Email: claudia.gangi@usdoj.gov

Dated: May 6, 2022